UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION; and HERSCHEL T. VINYARD, JR., as Natural Resources Trustee for the State of Florida,<br><br>        Plaintiffs,<br><br>    v.<br><br>MOSAIC FERTILIZER, LLC,<br><br>        Defendant,<br><br>    v.<br><br>ENVIRONMENTAL PROTECTION COMMISSION OF HILLSBOROUGH COUNTY,<br><br>        Rule 19 Party | Civil Action No.<br><br><br><br>COMPLAINT FOR NATURAL RESOURCE DAMAGES |

The United States of America, by the authority of the Attorney General of the United States, acting at the request of National Oceanic and Atmospheric Administration ("NOAA") and the Department of the Interior ("DOI"), and the State of Florida Department of Environmental Protection ("FDEP"), and Herschel T. Vinyard, Jr., Secretary of FDEP and designated Natural Resources Trustee for the State of Florida ("State" or "State of Florida"), through the undersigned attorneys, file this complaint and allege as follows:

## NATURE OF ACTION

1.  This is a civil action, brought against Mosaic Fertilizer, LLC ("Mosaic"), for recovery of damages for injury to, loss of, or destruction of natural resources under the trusteeship of NOAA, DOI, FDEP and Herschel T. Vinyard, Jr. (collectively referred to as the "Trustees" or "Plaintiffs"), under 28 U.S.C. §§ 1331, 1345, the Clean Water Act ("CWA"), 33 U.S.C. § 1321(n), and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §9613(b). The State Trustees also seek relief under §§ 404.141 and 403.727, Florida Statutes. The Federal and State Trustees seek damages in order to compensate for and restore natural resources injured by the release of hazardous substances into the South Archie Creek Canal, Hillsborough Bay and Tampa Bay from Mosaic's phosphoric acid/fertilizer production facility located in Riverview, Florida (the "Facility" or "Site"). The Environmental Protection commission of Hillsborough County is named as an indispensable party pursuant to Federal Rule of Civil Procedure Rule 19. Plaintiffs seek to recover past and future unreimbursed costs of assessing such damages.

## JURISDICTION AND VENUE

2.  This Court has personal jurisdiction over the Parties and has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, the Clean Water Act ("CWA"), 33 U.S.C. § 1321(n), and Sections 107 and 113(b) of CERCLA, 42 U.S.C. § 9613(b). This Court has jurisdiction over the subject matter of the State Trustees' claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction) because the State Trustees' claims are so related to the United States' claims that they form part of the same case or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because it is the judicial district in which the release of hazardous substances giving rise to these claims occurred.

## DEFENDANT

4. Defendant is a "person" within the meaning of Section 101 of CERCLA, 42 U.S.C. § 9601(21), because Defendant is a corporation.

5. Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), because Defendant is a corporation.

6. Defendant is a "person" within the meaning of §§ 403.031(5) and 403.703(22), Florida Statutes, because Defendant is a corporation.

## GENERAL ALLEGATIONS

7. The Mosaic phosphoric acid and fertilizer production facility (the "Facility") is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

8. The Facility is located in Riverview, Florida, near the South Archie Creek Canal, Hillsborough Bay, and Tampa Bay.

9. There was a "release" within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a), and § 403.727(4)(d), Florida Statutes, of approximately 65 million gallons of acidic process water with a pH approaching 2 standard units at and from the gypsum stack at the Facility, through several swales on Mosaic's property, into South Archie Creek Canal, and eventually Hillsborough Bay and Tampa Bay (the "Spill").

10. "Hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4, and § 403.703(12), Florida Statutes, including but not

limited to phosphoric acid, nitrogen, phosphorus, fluoride, and heavy metals, were released at and from the Facility.

11. "Natural resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), and § 403.703(12), Florida Statutes, have been and/or are being injured, lost, or destroyed as a result of the releases of hazardous substances from the Site.

12. At the time of the Spill, the Facility was owned by Cargill Fertilizer, Inc. Mosaic succeeded to the liabilities of Cargill Fertilizer, Inc., associated with the claims for Natural Resource Damages as a result of an October, 2004, merger of IMC Global, Inc., and Cargill Fertilizer, Incorporated's Crop Nutrition Division.

13. Defendant is the current "owner and operator" of the Facility within the meaning of section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

14. Plaintiffs have incurred and continue to incur costs in assessing damages to natural resources resulting from the release.

15. The Facility is an "onshore facility" within the meaning of Section 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

16. "Hazardous substances" within the meaning of Section 311(a)(14) of the CWA, 33 U.S.C. § 1321(a)(14), and § 403.703(12), Florida Statutes, including but not limited to phosphoric acid, nitrogen, phosphorus, fluoride, and heavy metals, were "discharged" within the meaning of Section 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2), from the Facility into several swales on Mosaic's property and then into South Archie Creek Canal, a tributary of Hillsborough Bay and Tampa Bay.

17. The South Archie Creek Canal, Hillsborough Bay, and Tampa Bay are "navigable waters" of the United States within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7).

18. Defendant is an "owner or operator" of an onshore facility within the meaning of Section 311(a)(6) of the CWA, 33 U.S.C. § 1321(a)(6).

19. Plaintiffs have incurred and continue to incur costs in assessing damages to natural resources resulting from the discharge.

### FIRST CLAIM FOR RELIEF
### Natural Resource Damages–CERCLA

20. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

21. Under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendant is liable as the "owner and operator" of the Facility.

22. Defendant is liable as successor to a "person who at the time of disposal of hazardous substances owned or operated" the Facility, under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

23. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a)(4)(C), Defendant is liable to the Plaintiffs for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from releases of hazardous substances from the Facility.

### SECOND CLAIM FOR RELIEF
### Natural Resource Damages–Clean Water Act

24. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

25. Defendant discharged hazardous substances from the Facility into navigable waters of the United States in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

26. These discharges of hazardous substances caused damage to and destruction of natural resources, further causing the United States and the State Trustees to incur and to continue to incur costs within the meaning of Section 311(f)(2), (f)(4), and (f)(5) of the CWA, 33 U.S.C. § 1321(f)(2), (f)(4), and (f)(5), to restore, rehabilitate, replace, or acquire the equivalent of the natural resources–including resource uses or services–injured, lost, or destroyed as a result of the discharges.

27. Pursuant to Section 311(f)(2), (f)(4), and (f)(5) of the CWA, 33 U.S.C. § 1321(f)(2), (f)(4), and (f)(5), Defendant is liable to the Plaintiffs for all costs incurred and to be incurred in restoring, rehabilitating, replacing, or acquiring the equivalent of the natural resources injured, lost, or destroyed as a result of the discharges, including the costs of assessing such damages.

### THIRD CLAIM FOR RELIEF
**State Claims**

28. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

29. Under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and § 403.727(4), Florida Statues, Defendant is liable as the "owner and operator" of the Facility. Under §§ 403.141(1) and 403.161(1), Florida Statutes, Defendant is liable as a person who caused pollution so as to harm human health or welfare, animal, plant, or aquatic life or property of the State.

30. Defendant is liable as successor to a "person who at the time of disposal of hazardous substances owned or operated" the Facility, within the meaning of Sections 101(20)

6

and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2), and §§ 403.141(1) and 403.727(4), Florida Statutes.

31.     Activities at the Site have resulted in unauthorized damage to the waters and property of the State and other resources, and damages and assessment costs are recoverable on behalf of the State Trustees pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and Florida Statute § 403-727(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

1.     Award Plaintiffs a judgment against Defendant for all damages for injury to, destruction of, or loss of natural resources, including to resource uses or services, arising from the described release and discharge from the Facility, including the cost of restoring, rehabilitating, replacing, and/or acquiring the equivalent of those injured resources, and all reasonable assessment costs incurred by Plaintiffs; and

2.     Grant Plaintiffs such other relief as this Court may deem appropriate.

Respectfully submitted,

DATED: 2/8/13

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*Patricia Hurst by SJM*

PATRICIA L. HURST
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D Street NW, Suite 2121
Washington, DC 20004
(202) 307-1242
Patricia.Hurst@usdoj.gov
ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

*Larry Morgan*

LARRY MORGAN
Florida Department of Environmental Protection
2600 Commonwealth Blvd. MS-35
Tallahassee FL 32301
(850) 245-2202


ATTORNEYS FOR PLAINTIFFS STATE OF
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
HERSCHEL T. VINYARD, JR.