_____

| | |
|---|---|
| UNITED STATES OF AMERICA; <br> STATE OF FLORIDA DEPARTMENT <br> OF ENVIRONMENTAL PROTECTION; <br> and HERSCHEL T. VINYARD, JR., as <br> Natural Resources Trustee for the State <br> of Florida, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | Civil Action No. 8:13cv386 <br> ) <br> ) |
| MOSAIC FERTILIZER, LLC, | ) <br> ) |
| Defendant, | ) **UNOPPOSED MOTION TO ENTER** <br> ) **CONSENT DECREE** |
| v. | ) <br> ) |
| ENVIRONMENTAL PROTECTION <br> COMMISSION OF HILLSBOROUGH <br> COUNTY, | ) <br> ) <br> ) <br> ) |
| Rule 19 Party | ) <br> ) |

_____  )

    The Plaintiffs in this action -- the United States of America, on behalf of the National

Oceanic and Atmospheric Administration ("NOAA") and the Department of Interior Fish and

Wildlife Service ("FWS"); the State of Florida Department of Environmental Protection

("FDEP"); and Herschel T. Vinyard, Jr. -- hereby move to enter a consent decree. The proposed

consent decree was lodged with the Court on February 11, 2013, together with a "Notice of

Lodging" requesting that the Court take no action until a motion for entry of the consent decree

is filed. *See* Notice of Lodging, Docket Entry 2. The comment period has now closed, and no

comments were received.  Plaintiffs continue to believe the proposed settlement is fair and in the

public interest.  This motion is not opposed.  *See id*. Attachment 1 at ¶ 97.

## FACTUAL BACKGROUND

On February 11, 2013, Plaintiffs filed a complaint against Defendant Mosaic Fertilizer,

LLC ("Mosaic") seeking penalties and injunctive relief pursuant to 28 U.S.C. §§ 1331, 1345, the

Clean Water Act ("CWA"), 33 U.S.C. § 1321(n), and the Comprehensive Environmental

Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §9613(b).  FDEP also

made a claim in the complaint pursuant to §403.727, Florida Statutes.   The complaint asserts the

claims of the Plaintiffs against Mosaic for recovery of damages for injury to, loss and destruction

of natural resources under the trusteeship of NOAA, FWS, FDEP and Mr. Vinyard.  *See*

Complaint, Docket Entry 1.  The Environmental Protection Commission of Hillsborough County

("EPC") is named as indispensable party pursuant to Federal Rule of Civil Procedure Rule 19.

*Id*.

The complaint alleges that Mosaic owns and operates a phosphoric acid/fertilizer

production facility located in Riverview, Florida ("Facility").  *Id*.  The complaint alleges that the

Facility released hazardous acidic process water at and from the gypsum stack at the Facility in

2004 over a two day period during a Hurricane.  *Id*.  The complaint alleges that the release

entered several swales on Mosaic's property, flowing into South Archie Creek Canal, and

eventually to Hillsborough Bay and Tampa Bay.  *Id*.  The federal and state trustees seek damages

to compensate for and restore injured natural resources.  *Id.*

The consent decree resolves the natural resource damages claims through restoration and

reimbursement of assessment costs.  *See* Decree, Docket Entry 2, Attachments 1-5.  The consent

decree requires Mosaic to perform restoration projects enhancing current wetlands by removing

invasive plant species, re-establishing historic tidal flows, and creating an oyster habitat, in addition to executing conservation easements for the protection of approximately 103.76 acres of habitat adjacent to Mosaic's release area. *Id.* ¶ 21. In addition to performing restoration projects, Mosaic has agreed to pay past and future assessment costs of the trustees in connection with Mosaic's release. *Id.* ¶¶ 28-33.

The United States Department of Justice published notice of the lodging of the proposed consent decree in the Federal Register on February 15, 2013. 78 Fed. Reg. 11,222. The thirty-day comment period expired on March 18, 2013, and the United States received no comments on the proposed Consent Decree.

Mosaic and EPC have specifically consented to entry of the Consent Decree "without further notice." Decree, Docket Entry 2, Attachment 1 at ¶ 97.

**BASIS FOR ENTRY OF CONSENT DECREE**

A motion to enter a consent decree should be granted where the settlement is fair to the parties and consistent with the public interest. *See Citizens for a Better Env't v. Gorsuch,* 718 F.2d 1117, 1126 (D.C. Cir. 1983); *United States v. Allegheny-Ludlum Industries,* 517 F.2d 826, 850 (5th Cir. 1975). Reviewing courts should consider proposed consent decrees "in light of the strong policy in favor of voluntary settlement of litigation." *United States v. Cannons Eng'g Corp.,* 720 F. Supp. 1027, 1035 (D. Mass. 1989), *aff'd*, 899 F.2d 79. "That policy has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." *United States v. Cannons Eng'g Corp.,* 899 F.2d 79, 84 (1st Cir. 1990). *See also S.E.C. v. Randolph,* 736 F.2d 525, 529 (9th Cir. 1984) ("courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment"). In reviewing a proposed consent decree,

a district court "'must refrain from second-guessing the Executive Branch.' Such deference is appropriate given '[t]hat so many affected parties, themselves knowledgeable and represented by experienced lawyers, have hammered out an agreement at arm's length and advocate its embodiment in a judicial decree.'" *U.S. v. Montrose Chemical Corp. of California,* 50 F.3d 741, 746 (9th Cir. 1995) (quoting *Cannons Eng'g Corp,* 899 F.2d at 84). A district court should thus approach a proposed consent decree with the presumption that the consent decree should be entered, absent evidence to the contrary.

Because the NOAA, DOI, the Department of Justice and FDEP approved of this consent decree, the "government actor[s] committed to the protection of the public interest ha[ve] pulled the laboring oar in constructing the proposed settlement." *Cannons Eng'g Corp,* 899 F.2d at 84. All parties to the consent decree agree that the proposed consent decree meets the legal standard necessary for judicial approval. *See* Decree, Docket Entry 2, Attachment 1 at ¶ 8. Moreover, during the public comment period no one posited any argument that the proposed consent decree is unfair or is inconsistent with the public interest.

As to the specific legal standard, the proposed consent decree meets the test laid out in *Citizens for a Better Env't,* 718 F.2d at 1126, in that it is fair to the parties and consistent with the public interest. First, the settlement is procedurally and substantively "fair:" It was "negotiated at arm's length among experienced counsel," the United States "operated in good faith" in reaching agreement with Defendant, and Defendant will "bear the cost of the harm for which [it is] legally responsible." *See Cannons Eng'g Corp,* 899 F.2d at 87.

The proposed consent decree is likewise consistent with the public interest. First, settlement of this claim will avoid unnecessary litigation that would waste the resources of this Court, NOAA, DOI, the Department of Justice and FDEP. *See United States v. McInnes,* 556

F.2d 436, 441 (9th Cir. 1977) (recognizing "overriding public interest in settling and quieting litigation"). Second, this settlement is consistent with the relevant environmental statutes, the CWA and CERCLA, which authorize the United States to seek injunctive relief for natural resource damages. *See* 33 U.S.C. § 1321(n); 42 U.S.C. §9613(b), and §403.727, Florida Statutes.

The proposed consent decree was negotiated by the Department of Justice on behalf of NOAA and DOI, as well as counsel for FDEP and Mr. Vinyard. These federal and state trustees have significant expertise in the assessment of injury to the environment and natural resources and are therefore the consent decree is entitled to a particularly strong presumption in favor of entry. *See Cannons Eng'g Corp,* 720 F. Supp. at 1035. The proposed consent decree is also fair and consistent with the public interest. *See Citizens for a Better Env't,* 718 F.2d at 1126. Accordingly, the Court should enter the proposed consent decree.

## CONCLUSION

Therefore, Plaintiffs request that the Court sign the consent decree (Docket Entry 2, Attachments 1-5) and enter it as a final judgment in this case.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Patricia L. Hurst

_____

PATRICIA L. HURST
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
601 D Street NW, Suite 2121
Washington, DC 20004
(202) 307-1242

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

</div>

/s/ Larry Morgan

_____
LARRY MORGAN
Florida Department of Environmental Protection
2600 Commonwealth Blvd. MS-35
Tallahassee FL 32301
(850) 245-2202


ATTORNEYS FOR PLAINTIFFS STATE OF
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
HERSCHEL T. VINYARD, JR.